E-FILED
Wednesday, 30 November, 2022  08:24:07 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT SCOTT SCHERTZ, | ) | Civil No. 22-CV-03157 |
| | ) | |
| Debtor, | ) | Bankruptcy Appeal |
| | ) | |
| KIMBERLY SCHERTZ | ) | |
| | ) | |
| Appellant, | ) | Lower Case No. |
| | ) | Bankruptcy 21-70207 |
| v. | ) | |
| | ) | |
| JEANA K. REINBOLD, AS CH. 7 | ) | |
| TRUSTEE OF THE ESTATE OF | ) | |
| ROBERT SCOTT SCHERTZ, | ) | |
| | ) | |
| Appellee. | ) | |

## BRIEF OF THE APPELLANT KIMBERLY SCHERTZ

Joseph C. Pioletti
Pioletti Pioletti & Nichols
107 E. Eureka Ave.
Eureka, IL 61530
Phone: (309) 467-3213
Fax: 309-423-1747
ARDC: 6313734
joe@piolettilaw.com

Attorney for Appellant
Kimberly Schertz

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................2

TABLE OF AUTHORITIES.......................................................3

JURISDICTIONAL STATEMENT...............................................4

STATEMENT OF THE ISSUES PRESENTED AND STANDARD OF REVIEW............................................................................4

STATEMENT OF THE CASE....................................................5

SUMMARY OF THE ARGUMENT.............................................6

ARGUMENT........................................................................7

    I.    The Bankruptcy Court Incorrectly Determined that the March 17, 2021 Utah Bankruptcy Court Order Granting Stay Relief Was Not A Final Order...................................7

        A. Orders disposing of motions for stay relief proceedings are final orders..................................................................7

        B. The trustee's motion should have been analyzed under Rule 60(b) as it was filed 471 days after a final order.....10

        C. The law of the case doctrine supports denial of the trustee's motion to reconsider the March 17, 2021 order granting stay relief................................................11

CONCLUSION....................................................................13

CERTIFICATION OF COMPLIANCE.........................................14

CERTIFICATE OF SERVICE...................................................15

# TABLE OF AUTHORITIES

Cases……………………………………………………..……..Page(s)

*Bullard v. Blue Hills Bank,* 575 U.S. 496, 502 (2015)……………..………8

*Colon v. Option One Mortg. Corp.,* 319 F.3d 912 n.1 (7th Cir. 2003)….8, 9

*Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1022
(10th Cir. 1994)……………………………………………………..……8

*Gertz v. Robert Welch Inc.,* 680 F.2d 527, 532 (7th Cir. 1982)…..………12

*In re Davis,* 638 F.3d 553 (7th Cir. 2011)……………………………….…4

*In re Mississippi Valley Livestock, Inc.,* 745 F.3d 302 (7th Cir. 2014)…...4

*Ritzen Grp. Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582
(2020)………………………………………………………6, 7, 8, 10, 11

*Rajala v. Gardner,* 709 F.3d 1031, 1034 (10th Cir. 2013)……………..…8

*Shakman v. Duane,* 829 F.2d 1387, 1393 (7th Cir. 1987)…………..…….12

*United States v. Chicago,* 853 F.2d 572, 576 (7th Cir. 1988) ….……..…12


Statutes………………………………………………..……..Page(s)

11 U.S.C. § 362(d)……………………………………………….7, 8, 10

11 U.S.C. § 363(h)………………………………………………………5

28 U.S.C. § 1334(a)……………………………………………………4

28 U.S.C. § 157……………………………………………………4

28 U.S.C. § 158……………………………………………….4, 7, 8

Rule 4.1 of the District Court's Local Bankruptcy Rules………………….4

Fed. R. Civ. Pro. 60(b)…………………………………….4, 7, 9, 10, 11

Federal Rule of Bankruptcy Procedure 8002. ………………………11

## JURISDICTIONAL STATEMENT

This is an appeal by Kimberly Schertz who the spouse and a creditor of the debtor Robert Scott Schertz.  The Bankruptcy Court had jurisdiction over the bankruptcy case under 28 U.S.C. § 1334(a), as referred to it by the Court pursuant to 28 U.S.C. § 157 and Rule 4.1 of the District Court's Local Bankruptcy Rules.  The Bankruptcy Court's order dated August 3, 2022 granting the trustee's motion to reconsider the Utah Bankruptcy Court order dated March 17, 2021 was a final order over which this Court has jurisdiction under 28 U.S.C. § 158(a)(1).

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

The issue on this appeal is whether the Bankruptcy Court erred in its determination that the Utah Bankruptcy Court's order dated March 17, 2021 lifting the automatic stay was not a final order that would then be subject to the standards of Fed. R. Civ. Pro. 60(b).  The District Court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*.  *In re Mississippi Valley Livestock, Inc.,* 745 F.3d 299, 302 (7th Cir. 2014) (citing *In re Davis,* 638 F.3d 548, 553 (7th Cir. 2011)).

3:22-cv-03157-CRL-KLM   # 6   Filed: 11/30/22   Page 5 of 15

<u>STATEMENT OF THE CASE</u>

The statement of facts follows chronologically.  Kimberly Schertz filed a dissolution of marriage petition in McLean County, IL on December 9, 2020.  [See Appendix A212]  Robert Scott Schertz (the "debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the District of Utah on January 4, 2021.  [See Appendix A010 Docket #1] Shortly thereafter the debtor filed a notice of voluntary conversion to Chapter 7 [See Appendix A010 Docket #6] and Kimberly Schertz filed a motion for relief from the automatic stay seeking to be allowed to proceed with the dissolution case in McLean County, IL. [See Appendix A011-A045].  The Utah Bankruptcy Court ultimately entered an order granting Kimberly Schertz' motion for stay relief on March 17, 2021.  [See Appendix A079-A082].  On July 21, 2021 the bankruptcy trustee filed adversary case 21-07017 against Kimberly Schertz seeking authority to sell jointly owned property, the parties' marital home, pursuant to 11 U.S.C. § 363(h).   [See Appendix A171-A210].  In the 363(h) adversary, the Bankruptcy Court acknowledged and confirmed that since the automatic stay had been lifted by way of the Utah Bankruptcy March 17, 2021 order that the adversary case

5

would not be able to proceed until after the McLean County, IL court had determined each spouses interest in martial property.  [See transcripts of hearing Appendix A314 lines 8-18]  At a hearing on June 16, 2022 the Bankruptcy Judge, unprompted, advised that one option to get the 363(h) adversary resolved without having to wait for the McLean County, IL dissolution court to resolve the property allocation would be for the Bankruptcy Court to reconsider the Utah Bankruptcy Court's order granting stay relief.  [See transcripts of hearing Appendix A356 lines 5-25 and A357 lines 1-11] Thereafter on July 1, 2022 the trustee did file such a motion to reconsider the Utah Bankruptcy Court's order granting stay relief.   [See Appendix A085-A087] That motion was ultimately granted by way of an order dated August 3, 2022 and this appeal follows.  [See Appendix A113-A122 for notice of appeal and attached order].

## SUMMARY OF THE ARGUMENT

The US Supreme Court in *Ritzen* held that a motion for stay relief initiates a discrete procedural sequence to determine a creditor's qualification for the relief pursuant to the statutory standard according

to 11 U.S.C. § 362(d). *Ritzen* held that when a court disposes of a stay relief motion that the order is a final and appealable for purposes of 28 U.S.C. § 158(a) regardless of whether the order preclusively resolves a substantive issue. The order of the Utah Bankruptcy Court entered March 17, 2021 granting stay relief disposed of that stay relief proceeding and was a final order. Here the Bankruptcy Court incorrectly applied *Ritzen* and held that the order granting stay relief was not a final order specifically stating that it was not final because it did not dispose of any dispute within the bankruptcy case. As a result, the Bankruptcy Court then applied the incorrect legal standard in analyzing the trustee's motion. The trustee's motion was filed 471 days after the order granting stay relief and should have been analyzed pursuant to Rule 60(b).

<u>ARGUMENT</u>

I.   The Bankruptcy Court Incorrectly Determined that the March 17, 2021 Utah Bankruptcy Court Order Granting Stay Relief Was Not A Final Order.

    A. Orders disposing of motions for stay relief proceedings are final orders.

7

"The ordinary understanding of "final decision" is not attuned to the distinctive character of bankruptcy litigation." *Ritzen Grp. Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 586 (2020). "Controversies adjudicated during the life of the bankruptcy case may be linked, one dependent upon the outcome of another. *Id.* Motions for stay relief initiate discrete procedural sequences where a creditor's qualification for relief turns on the statutory standard pursuant to 11 U.S.C. § 362(d). "A discrete dispute of this kind constitutes an independent "proceeding" within the meaning of 28 U.S.C. § 158(a)" (citing *Bullard v. Blue Hills Bank,* 575 U.S. 496, 502 (2015). "Grants and denials of motions for stay relief are final and appealable orders." *Rajala v. Gardner,* 709 F.3d 1031, 1034 (10th Cir. 2013) (quoting *Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1022 (10th Cir. 1994). The relevant proceeding for purposes of *Bullard* is the stay relief adjudication itself. *Ritzen* at 589. "We see no good reason to treat stay adjudication as the relevant "proceeding" in only a subset of cases." *Ritzen* at 591. "The issue of appealability should be determined for the entire category to which a claim belongs." *Id* at 591.

"All courts that have considered the matter agree that an order lifting the automatic stay is a final judgement. See 1 Alan Resnick &

Henry J. Sommer, Collier on Bankruptcy, § 5.08, at 5-31-32 n.2 (15th ed. 2002) (noting holdings of 1st, 2nd, 3rd, 6th, and 11th Circuits.) We have not directly addressed the issue.  We see no reason to disagree with the other circuits." *Colon v. Option One Mortg. Corp.,* 319 F.3d 912 n.1 (7th Cir. 2003).

The Bankruptcy Court here rested its decision on the fact that the Utah Bankruptcy Court order included language that made the determination of the state court non-binding as to property allocation on the Bankruptcy Court as follows:

> "the determination as to the allocation and division of the parties' marital property shall not be binding on the Bankruptcy Court, the creditors, or the Chapter 7 Trustee in this case until and unless the Bankruptcy Court has a further hearing and order approving the allocation of property of the bankruptcy estate; [See Appendix A080].

In the order granting the motion to reconsider the stay relief order the Bankruptcy Court stated:

> "First, in reviewing Judge Thurman's order, this Court must conclude, as stated above, that the order is not a final order.  The order did not definitively dispose of any dispute within the bankruptcy case or among the various parties.  Judge Thurman stated on the record and thus incorporated in his order his intent to retain jurisdiction over estate property.  Whatever stay relief was granted, it was only to take actions that would not be binding. The order was interim, at best, any may therefore be modified without meeting the standards of Federal Rule of Civil Procedure 60(b)."  [See Appendix A119].

However,

"Section 158(a) asks whether the order in question terminates a procedural unit separate from the remaining case, not whether the bankruptcy court has preclusively resolved a substantive issue.  It does not matter whether the court rested its decision on a determination potentially pertinent to other disputes in the bankruptcy case, so long as the order conclusively resolved the movant's entitlement to the requested relief." *Ritzen at 591.*

Here the March 17, 2021 order disposed of the movant's requested relief and terminated the discrete stay relief proceeding by applying the requested relief to the appropriate legal standard under 11 U.S.C. § 362(d).  Pursuant to Ritzen, the fact that the order left substantive issues unresolved does not bear on whether the order was final or not.

The Bankruptcy Court incorrectly applied *Ritzen* when it held that the stay relief order leaving substantive issues unresolved meant the order was not final and appealable.

### B. The trustee's motion should have been analyzed under Rule 60(b) as it was filed 471 days after a final order.

As the order granting stay relief was a final order and the motion to reconsider that order was filed 471 days after order was entered, the motion should have been determined pursuant to Fed R. Civil Procedure 60(b) as it was not appealed within 14 days pursuant to

Federal Rule of Bankruptcy Procedure 8002.  However, the Bankruptcy
Court explicitly rejected any Rule 60(b) analysis.  [See Appendix A119]

> C. The law of the case doctrine supports denial of the
> trustee's motion to reconsider the March 17, 2021 order
> granting stay relief.

Bankruptcy cases encompass numerous discrete controversies
that may be linked with one dependent on the outcome of another.
*Ritzen Grp. Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 591 (2020).
The resolution of a stay relief proceeding can have large practical
consequences.  *Id at 590.*  Here there were 471 days between when the
stay relief was granted and when the trustee filed her motion to
reconsider.  [See Appendix A007 Docket #41 and Appendix A084 Docket
#173]   In addition to this underlying bankruptcy, the Appellant, the
Trustee-Appellee, and the debtor have all been involved in various other
related actions that have been pending and playing out during this
intervening 471 day period including *In re Scott Schertz* 21-70207 [See
Appendix A083], Bankruptcy Adversary 21-07017 *Reinbold vs. Schertz*
[See Appendix A142], Bankruptcy Adversary 22-07005 *Reinbold vs.
Schertz et al.* [See Appendix A154], Bankruptcy Adversary 22-07002
*Schertz vs. Schertz* [See Appendix A152], and Bankruptcy *In re Schertz*

*Aerial Service, Inc.* 22-70128 [See Appendix A156].   Dispositions of

motions for stay relief determine more than simply the forum that a

particular set of claims will be adjudicated in, it can also affect the

manner in which claims will be adjudicated and the cost of adjudicating.

*Ritzen* at 590.  In those intervening days many additional decisions

were made by the parties and other discrete controversies determined

all based upon the events as they unfolded.  The law of the case doctrine

requires courts to adhere to their own decisions made at an earlier

stage of the litigation.  *United States v. Chicago,* 853 F.2d 572, 576 (7th

Cir. 1988).

> "The law of the case doctrine is not to be lightly
> disregarded." *Id* (quoting *Shakman v. Duane,* 829 F.2d 1387, 1393
> (7th Cir. 1987).  Courts apply the law of the case doctrine in two
> situations.  *Chicago* at 576.  "First a court ordinarily will not
> reconsider its own decision made at an earlier state of the trial or
> on appeal, absent clear and convincing reasons to reexamine the
> prior ruling.  Second, an inferior court must apply the decision of a
> superior appellate tribunal on remand." *United States v. Chicago*
> 853 F.2d 572, 577 (7th Cir. 1988) (citing *Gertz v. Robert Welch Inc.,*
> 680 F.2d 527, 532 (7th Cir. 1982).

Applicable to the present case is the first application of the law of

the case doctrine.  At many times throughout this underlying

bankruptcy case and the related matters listed above, the Bankruptcy

Court stated clearly the law of this case that since stay relief had been granted to the state court that the Bankruptcy Court would not be dealing with property allocation of the marital estate.  [See transcript of hearing Appendix A314 lines 8-18], [See transcript of hearing Appendix A334 lines 10-16], and [See transcript of hearing Appendix A353 lines 1-6].  The law of the case doctrine is "a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter." *Gertz v. Robert Welch, Inc.,* 680 F.2d 527, 532 (7th Cir. 1982).  Before the trustee filed her motion to reconsider the state court had set the dissolution matter for a three-day trial on all issues spanning September 30, 2022 to October 4, 2022.  [See Appendix A093 entry dated 6/21/22]

There existed no clear and convincing reason that would have supported a deviation by the Bankruptcy Judge from the law of the case, that the marital property issues were to be decided in state court, at the time in which she reconsidered the prior order.

## CONCLUSION

For the reasons stated above, this Court should reverse the Bankruptcy Court's Order of August 3, 2022 granting the trustee's

motion to reconsider the March 17, 2021 order granting stay relief to

Kimberly Schertz.

Kimberly Schertz, Appellant

BY:  /s/ Joseph C. Pioletti
Pioletti Pioletti & Nichols
107 E. Eureka Ave.
Eureka, IL 61530
Phone: (309) 467-3213
Fax: 309-423-1747
ARDC: 6313734
joe@piolettilaw.com

## CERTIFICATE OF COMPLIANCE

This brief has been prepared using a proportionally spaced

typeface (Century Schoolbook) in 14 point font as specified by the

Federal Rule of Bankruptcy Procedure 8015(a)(5)(A).  The undersigned

further certifies that this brief complies with the Federal Rule of

Bankruptcy Procedure 8015(a)(7)(B)(i) because the brief contains fewer

than 30 pages exclusive of the Table of Contents and Authorities.

BY:  /s/ Joseph C. Pioletti
Pioletti Pioletti & Nichols
107 E. Eureka Ave.
Eureka, IL 61530
Phone: (309) 467-3213
Fax: 309-423-1747
ARDC: 6313734
joe@piolettilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 30, 2022 a copy of the foregoing Appellant's Brief was filed in the above case and served upon the following parties:

Via the Court's electronic case filing system:

**Jeffrey D Richardson**
RICHARDSON & ERICKSON
Suite 444
132 South Water Street
Decatur, IL 62523
217-425-4082
Email: jdrdec@aol.com

**Jeana K. Reinbold**
SGRO HANRAHAN DURR RABIN & REINBOLD, LLP
1119 S Sixth Street
Springfield, IL 62703
217-789-1200
Email: jeana@casevista.com

/s/ Joe C. Pioletti

Joseph C. Pioletti
Pioletti Pioletti & Nichols
107 E. Eureka Ave.
Eureka, IL 61530
Phone: (309) 467-3213
Fax: 309-423-1747
ARDC: 6313734
joe@piolettilaw.com